mortgages and notes upon delivery of a deed of the property in question, was entirely without consideration and there can be no estoppel because, before the foreclosure suit was instituted, the plaintiff repudiated and refused to recognize any such agreement and so advised the defendant. He, therefore, did not rely upon such alleged agreement and refrain from protecting his interest in the foreclosure suit. The defendant presented no proof that, by the purchase by plaintiff of the property at the foreclosure sale, the mortgage debt was extinguished by merger. Young, Rich, Kapper, Hagarty and Scudder, JJ., concur.

WILLIAM F. COX, an Infant, by FREDERICK COX, His Guardian ad Litem, Respondent, v. HUGH W. SHERIDAN and DAVID M. DUNCAN, Doing Business under the Firm Name and Style of SHERIDAN & DUNCAN, Appellants. (Appeal No. 1.) — Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

WILLIAM F. COX, an Infant, by FREDERICK COX, His Guardian ad Litem, Respondent, v. HUGH W. SHERIDAN and DAVID M. DUNCAN, Doing Business under the Firm Name and Style of SHERIDAN & DUNCAN, Appellants. (Appeal No. 2.) — Order denying motion for a new trial upon the ground of newly-discovered evidence unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

C. DRAGO CONSTRUCTION COMPANY, Respondent, v. C. CARRATURO CONTRACTING Co., INC., Appellant, and COLUMBIA CASUALTY Co., INC., Defendant.— Order denying motion of defendant C. Carraturo Contracting Co., Inc., to vacate plaintiff's notice of examination before trial reversed upon the law and the facts, with ten dollars costs and disbursements to appellant, and motion granted, with ten dollars costs, to the extent of eliminating from the notice items 1 (d) and (e). Examination to proceed on five days' notice at the place and hour stated in the order. The items stricken from the notice relate to the counterclaims in the answer, with reference to which the plaintiff may not examine in advance of the trial. Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ., concur.

STEPHANO FERRARO, Respondent, v. MARRILLARD BUILDERS, INC., Appellant, and THE PEOPLE OF THE STATE OF NEW YORK, Defendant.— Order of the County Court of Nassau county granting plaintiff's motion to strike out first and second defenses and to dismiss counterclaim in amended answer of defendant Marrillard Builders, Inc., affirmed, with ten dollars costs and disbursements. We are of opinion that the amended answer is insufficient in failing to state facts upon which the conclusions of " force," " threats " and " unlawful proceedings " are predicated. Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ., concur. [136 Misc. 802.]

JOHN W. GOFF, Appellant, v. SAMUEL I. ADELSON, Respondent, and NORRIS CONSTRUCTION CORPORATION, Defendant.— Judgment and order affirmed, with costs. The contract of employment of plaintiff as a broker provided that his commission was to be paid only in the event of the closing of title. The claim that the proposed buyer was liable for the commission because of his failure to enter into a contract was determined adversely to the plaintiff by the jury upon the claim of the purchaser that the terms had not been accepted by him. We are of opinion that, in the absence of a hiring of plaintiff by defendant, respondent, there is no liability where the broker was employed by the owner to obtain a purchaser. Here, there was no proof of such hiring. Under such circumstances, even if defendant, respondent, agreed to the seller's terms and then refused to enter